FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT -2  P 2: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DILLARD UNIVERSITY ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-4138** |
| **LEXINGTON INSURANCE COMPANY ET AL.** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion for preliminary injunction of Dillard University, Dillard University Apartments, Ltd. and Gentilly Gardens Corporation, pursuant to Rule 65 of the Federal Rules of Civil Procedure, is **GRANTED**. (Document #6.)

**IT IS FURTHER ORDERED** that Lexington Insurance Company, Axis Specialty Insurance Company, and RSUI Indemnity Company are **ORDERED** to reform the renewal policies, for the term March 1, 2006 through March 1, 2007, to contain the same terms and conditions as the expired policies, for the policy period of March 1, 2005 to March 1, 2006, and to reinstate the previous insurance coverage as required by Emergency Rule 23.

### I. BACKGROUND

Dillard University, Dillard University Apartments, Ltd., and Gentilly Gardens

Corporation (collectively, Dillard)[1] filed a complaint for a preliminary and permanent injunction against Lexington Insurance Company (Lexington), Axis Specialty Insurance Company (Axis), and RSUI Indemnity Company (RSUI). The Louisiana Department of Insurance adopted Emergency Rule 23 suspending and prohibiting the right of an insurer to cancel or nonrenew a policy for property that sustained damage as a result of Hurricane Katrina and its aftermath until 60 days after the substantial completion of the repair and/or reconstruction of the property. On May 31, 2006 the Commissioner issued an Advisory Letter (No. 06-03), stating that the continuation, extension, or renewal of coverage "must maintain a policyholder at the previous premium/rate and with the same terms and conditions as previously written, subject only to a change to the premium/rate structure that is based on objective criteria." The purpose and intent of Emergency Rule 23 is to afford maximum consumer protection for the insureds of Louisiana.

Dillard contends that the Lexington, Axis and RSUI policies do not comply with the requirements of Emergency Rule 23 and must be reformed to conform to the Rule. Dillard seeks injunctive relief to enjoin violations of the insurance statutes and rules.

Dillard is affiliated with the General Board of Higher Education and Ministry of the United Methodist Church (BHEM). Educational and Institutional Insurance Administrators, Inc. (EIIA), an agency of the United Methodist Church, procures insurance and administers the insurance programs for institutions affiliated with BHEM. EILA filed a complaint of intervention supporting Dillard's claims that the Lexington policy and the insurance binders

---

[1] Dillard University Apartments, Ltd and Gentilly Gardens Corporation are affiliated, subsidiary, and/or associated companies of Dillard University.

issued by Axis and RSUI for 2006-2007 coverage violate Emergency Rule 23. Further, EIIA requests that declaratory judgment be entered reinstating and reforming the policies and coverages issued by Axis and RSUI for 2005-2006 and 2006-2007 consistent with their quotes and binders, including full insurance coverage for business interruption, extra expense, business income and service interruption.

As a participating institution of BHEM, Dillard purchased the EIIA Master Program, which is composed of twelve insurance policies, including the Lexington, Axis, and RSUI policies. Lexington issued to Dillard a $50 million "all risk" commercial property insurance policy for the period March 1, 2005 through March 1, 2006, providing coverage for real and personal property, business income, extra expense, rental value, service interruption, unnamed locations, accounts receivable, fine arts, property in transit, valuable papers and records, contingent time element, demolition, and increase cost of construction. The Axis provided an excess "all risk" commercial property insurance policy that follows the form of the primary Lexington policy with a limit of $25 million in excess of $50 million. RSUI issued an excess all risk commercial property following the form of the primary and excess policies of Lexington and Axis, with a limit of $425 million in excess of $75 million.

On August 29, 2005, Hurricane Katrina caused Dillard extensive property damage, business interruption, and extra expenses. Between November 10, 2005 and December 22, 2005, Lexington paid Dillard a total of $50 million in hurricane-related damages, the maximum amount allowed under the policy.

The Lexington, Axis and RSUI policies were renewed for the term of March 1, 2006

through March 1, 2007. Dillard contends that the terms of the Lexington, Axis and RSUI renewal policies are significantly different and less favorable than the terms of the original insurance policies.

## II. DISCUSSION

### A. Legal standard

"[F]ederal courts are required to apply the federal rules of civil procedure to the exclusion of any contrary state procedure as long as the rule is both constitutional and within the scope of the rules' enabling act." Ferrero v. Assoc. Materials Inc., 923 F.2d 1441, 1448 (11th Cir. 1991) (citing Hanna v. Plumer, 85 S.Ct. 1136, 1143-44 (1965)). Rule 65 of the Federal Rules of Civil Procedure meets the Hanna criteria and applies to determine whether to issue a preliminary injunction. Id.

"A preliminary injunction is an extraordinary remedy." Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). Federal law allows a preliminary injunction when the moving party establishes four factors:

> (1) a substantial likelihood of success on the merits,
> (2) a substantial threat that failure to grant the injunction will result in irreparable injury,
> (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and
> (4) the injunction will not disserve the public interest.

Id. The party seeking injunction must clearly carry the burden of persuasion on all four requirements. See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas

Bumi Negara, 335 F.3d 357, 363 (5th Cir. 2003). The grant of a preliminary injunction is treated as the exception rather than the rule. Id. at 364.

## B. Likelihood of success on the merits

Dillard contends that it is likely to succeed on the merits because their property insurance coverage has not been renewed under the same terms and conditions as the previous insurance policies, in violation of Emergency Rule 23.

### 1. Whether Dillard has a private right of action

The threshold question is whether there is a private right of action for Dillard's claim based on Emergency Rule 23. On September 19, 2005, Governor Kathleen Babineaux Blanco issued Executive Order No. KBB 2005-40, which "transferred to the commissioner of insurance limited authority to suspend laws regarding legal deadlines and certain processes and procedures as it applies to Louisiana citizens who on August 29, 2005 resided in certain parishes regarding any and all insurance matters." In Executive Order KBB No. 2005-70, Governor Blanco amended Executive Order No. 2005-40 to include citizens who were affected by Hurricane Rita and to indicate a termination date for this limited transfer of authority to the commissioner of insurance. Section I, A of the amended order states:

> A limited transfer of authority as referenced in Sections 1, 2, and 3 shall specifically include, but is not limited to, the authority to suspend applicable statutes, issue any rules, regulations, directives or take any other actions that the commissioner deems necessary to protect the public health, safety, and welfare of the citizens of Louisiana who were affected by Hurricane Katrina and on August 29, 2005 resided in the following parishes: Jefferson; Lafourche; Livingston; Orleans; Plaquemines; St. Bernard; St. Charles; St. James; St. John the Baptist; St. Mary; St. Tammany; Tangipahoa; Terrebonne; and Washington.

5

Section II provides:

> This limited transfer of authority shall remain in full force and effect for the duration of the state of emergency and/or disaster any subsequent state of emergency and/or disaster declared thereafter, with regard to the disaster caused by Hurricane Katrina and Rita. Additionally, any rules, regulations, directives or any actions taken by the governor or the commissioner of insurance during the state of emergency and/or disaster that is in effect or any subsequent state of emergency and/or disaster is declared, shall remain in full force and effect notwithstanding the lifting of the state of emergency and/or disaster.

Emergency Rule 23 was issued "pursuant to the plenary authority of the Commissioner of Insurance" granted by Executive Order No. KBB 2005-70 transferring authority over any and all insurance matters to the Commissioner. Dillard provides an opinion issued on September 21, 2006 by the Executive Counsel of the Louisiana Department of Insurance, stating:

> Emergency Rule 23 was promulgated with the intent that an insured, such as Dillard University, would have a private right of action in a court of law against its insurer if the insured is of the opinion that its insurer has violated Emergency Rule 23.

Based on Executive Order No. KBB 2005-70, the plenary authority of the Commissioner of Insurance to take any action necessary to protect those affected by Hurricane Katrina, and the opinion of the drafter of Emergency Rule 23, the court finds that Dillard is likely to succeed on the issue of whether it was the intent of the Commissioner that Emergency Rule 23 provide insureds such as Dillard a private right of action against insurers.[2]

---

[2] Two cases have upheld private rights of action. In <u>Historic Restoration, Inc. v. RSUI Indemnity Company</u>, No. 06- 4990 (Civil District Court for Parish of Orleans 6/28/06), the court applied Emergency Rule 23 and granted the plaintiff's motion for a preliminary injunction. RSUI appealed the court's ruling to the Louisiana Fourth Circuit Court of Appeal, and a briefing schedule has been set. In <u>Wetco Restaurant Group, L.L.C. v. Pacific Insurance Company, Ltd.</u>, No. 06-5745 (E.D. La. Sept. 8, 2006), the court issued an order temporarily restraining Pacific

### 2. Dillard's claim under Emergency Rule 23

Section 4303 addresses the application of Rule 23 and provides:

> Emergency Rule shall apply to any and all types of personal residential, commercial residential or commercial property insurance covering a dwelling, residential property or commercial property located in Louisiana that sustained damage as a result of Hurricane Katrina or its aftermath, or Hurricane Rita or its aftermath.

Section 4305 suspends the right of insurers to cancel or nonrenew policies:

> The right of any insurer, surplus lines insurer or any other entity regulated by the commissioner to cancel or nonrenew any personal residential, commercial residential or commercial property insurance policy covering a dwelling, residential property or commercial property located in Louisiana that sustained damage as a result of Hurricane Katrina or its aftermath, or Hurricane Rita or its aftermath, is suspended and shall be prohibited until 60 days after the substantial completion of the repair and/or reconstruction of the dwelling, residential property or commercial property except for specific exceptions set forth in Section 4307,[3] or until Emergency Rule 23 is terminated by the Commissioner.

The evidence presented at the hearing establishes the likelihood that Dillard will succeed on the merits on its claim that the defendants violated Emergency Rule 23 by modifying the terms and conditions of the renewal policies. The renewal contracts contain changes to the terms of the previous policies, including changes to the limits of liability for the period of flood, the flood deductible, the limits of liability for extra expense coverage, and the named storm deductible. The limit of liability for flood was decreased from $50 million to $10 million. The limit applies to the Dillard campus, but to no other BHEM institution. Although the Lexington

---

Insurance Company from cancelling the plaintiff's insurance coverage in violation of Emergency Rule 23.

[3] None of the exceptions of § 4307 are present here.

policy did not previously contain a flood deductible for Zone B, the renewal contract imposes a deductible of 5% of the value of the damaged property. The named storm deductible is increased from 2% of the value of the damaged property to 5%. The Axis and RSUI renewal policies have discontinued flood coverage entirely. Extra expense coverage under the renewal policies and the new excess layer policies decreased from $500 million to $125 million.

The defendants argue that the policies are not renewal policies but new policies which were renegotiated by the parties and, therefore, not affected by Emergency Rule 23, § 4309.[4] EIIA, however, presents evidence that it specifically sought a renewal of the same policy, terms, conditions and limits for the flood coverages as the 2005-2006 policies. Lexington refused to renew the flood coverage for Dillard only and set a nominal limit of $10 million or one-fifth of the coverage for the prior year. The court finds that the policies for 2006-2007 are not new, but a renewal of the existing policies because the parties did not voluntarily obtain new policies. The defendants further argue that § 4311[5] provides an exemption from Emergency Rule 23 because

---

[4] Section 4309 provides:
New policies of insurance issued after January 1, 2006, covering a dwelling, residential property or commercial property located in Louisiana shall not be affected by Emergency Rule 23.

[5] Section 4311 provides:
A. Nothing contained in Emergency Rule 23 shall prevent or prohibit an insured from voluntarily canceling or nonrenewing the insured's policy of insurance covering a dwelling, residential property or commercial property located in Louisiana.
B. Nothing contained in Emergency Rule 23 shall prevent or prohibit an insured from voluntarily entering into an agreement with an insurer to modify the coverage, limits, terms, endorsements, exclusions or deductibles with regard to the insured's policy of insurance covering a dwelling, residential property or

Dillard voluntarily negotiated the new policies by requesting new terms and conditions. Even if EIIA requested terms that were not present in the 2005-2006 policies, there is no evidence that Dillard voluntarily negotiated a reduction in the flood coverage or any other reduction in coverage for the period of 2006-2007.

## C. Irreparable injury

Dillard contends irreparable harm will result from the failure to grant the preliminary injunction because it will be drastically underinsured for the 2006-2007 hurricane season. Dillard argues that it faces the potential loss of its main asset, its campus, and an inability to provide the education it has offered for over one hundred years.

The court finds that Dillard will suffer irreparable injury if an injunction does not issue. Recent history illustrates there is a serious risk of severe damage from another hurricane. If Dillard is grossly underinsured, a cease of operations is certain to follow. Should Dillard cease operations, it runs the risk of losing its accreditation, its reputations, and its students and faculty. Further, Dillard's bond agreements require that it maintain insurance in such amounts that is customarily maintained by other institutions.

## D. Balance of harms to the parties

The court finds that the harm to Dillard outweighs the harm to the insurers if injunctive relief is not granted. As discussed above, the potential for damage to Dillard if it does not have sufficient flood coverage is serious. In contrast, the insurers are being required to comply with

---

commercial property located in Louisiana.

Emergency Rule 23 by providing the same coverage that was available to Dillard for the policy year 2005-2006.

**E. The public interest**

The issuance of injunctive relief to enforce Emergency Rule 23 serves the public interest. The insurers could have availed themselves of provisions under Rule 23 that would have resolved the issue without the necessity of this lawsuit. Section 4317 provides that, if the insurer believes that compliance creates an undue or unreasonable burden or hardship, it could submit to the commissioner for approval "a written Modified Renewal Plan that would allow for significant or substantive modifications to an underlying policy of insurance" that is subject to Rule 23. Further, § 4319 permits the commissioner to exempt an insurer if "the commissioner determines that compliance with Emergency Rule 23 may be reasonably expected to result in said insurer being subject to under hardship, impairment, or insolvency. The public interest in promulgating Emergency Rule 23 is not served if the insurers are permitted to reduce Dillard's coverage without following the procedures and safeguards set forth by the Department of Insurance.

### III. CONCLUSION

Dillard has carried its burden of persuasion, establishing the four factors necessary for a preliminary injunction to issue. Accordingly, the motion for a preliminary injunction is granted, and the insurers are ordered to reform the renewal policies, for the term March 1, 2006 through March 1, 2007, to contain the same terms and conditions as the expired policies, for the policy

period of March 1, 2005 to March 1, 2006, and to reinstate the previous insurance coverage as required by Emergency Rule 23.

New Orleans, Louisiana, this __2__ day of October, 2006.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE